**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1866-20

RICHARD TOKARSKI,

    Plaintiff-Respondent,

v.

BOROUGH OF ISLAND
HEIGHTS PLANNING BOARD,

    Defendant-Appellant.

_____

Argued December 14, 2021 – Decided September 13, 2022

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0110-20.

Terry F. Brady argued the cause for appellant (Brady & Kunz, PC, attorneys; Terry F. Brady, on the briefs).

Harvey L. York argued the cause for respondent (Novins, York, Jacobus & Dooley, attorneys; Lauren M. Dooley, on the brief).

PER CURIAM

Defendant Borough of Island Heights Planning Board (Board) appeals from the February 9, 2021 judgment of the Law Division reversing the Board's resolution denying plaintiff Richard Tokarski's application for a subdivision, and remanding the matter for further proceedings. We affirm.

I.

Plaintiff owns two adjoining lots in Island Heights. A historic home is located on Lot 6. A separate two-car garage is located on Lot 2. Lot 6 has 49.22 feet of frontage on River Avenue, a depth of 124 feet, and a lot size of 6,355 square feet. Lot 2 has 50 feet of frontage on Ocean Avenue, a depth of 95 feet, and a lot size of 4,750 square feet. The lots meet along their rear property lines. Plaintiff purchased the lots together in 2017.

The parcels are in the borough's medium density residential district. The zoning ordinance requires a minimum frontage of 75 feet, a minimum depth of 100 feet, and a minimum lot size of 7,500 square feet for the construction of a residence. Neither lot meets these requirements. However, according to the zoning ordinance,

> any existing subdivided lots or parcels of land containing at least three thousand seven hundred fifty (3,750) square feet, having a frontage of fifty (50') feet on an accepted street and having a depth of seventy-five (75') feet, will not be a nonconforming use but will continue to be a residential lot.

[Island Heights, N.J., Code § 32-4.4(b)(1).]

The parcels, which existed when the zoning ordinance was adopted, meet the requirements for legally protected existing residential lots, provided Lot 6's frontage of 49.22 feet is considered to be a de minimis deviation from the frontage requirement at approximately nine inches.

Plaintiff proposes to renovate the home on Lot 6 and demolish the garage on Lot 2 to construct a new residence on that parcel. When he approached the zoning officer about this proposal, plaintiff learned for the first time that at an unidentified time, the municipality considered the two lots merged for zoning purposes due to common ownership and use. At the direction of the zoning officer, plaintiff applied for a minor subdivision, which would restore the two lots to their original configurations for zoning purposes, and for variances relating to his proposed development.

The Board considered plaintiff's presentation and testimony, including the testimony of a licensed professional planner, as well as the objections interposed by neighboring property owners. On December 12, 2019, the Board adopted a resolution denying plaintiff's application. The Board considered the parcels to have been properly merged for zoning purposes and concluded plaintiff did not

establish that a subdivision was warranted. The Board also rejected plaintiff's variance requests.[1]

Plaintiff thereafter filed a complaint in the Law Division alleging an action in lieu of prerogative writs challenging the Board's resolution. On February 9, 2021, Judge Marlene Lynch Ford issued a comprehensive written opinion after a trial on the papers in which she concluded the municipality's merger of the two lots for zoning purposes was not supported by law.

Judge Ford observed that the purpose of the merger doctrine is to bring adjacent nonconforming lots in common ownership into conformity to advance the zoning scheme. Loechner v. Campoli, 49 N.J. 504, 511-12 (1967). But, as Judge Ford noted, the merger doctrine does not apply where the nonconforming parcels front different streets, are back-to-back, and merger will not create a conforming lot. See Jock v. Zoning Bd. of Adjustment, 184 N.J. 562, 582 (2005). She found that merger is not intended to create an exceptionally long, narrow plot facing different streets. See Chirichello v. Zoning Bd. of Adjustment, 78 N.J. 544, 554 n.2 (1979). The judge observed that merger may

---

[1] On July 12, 2018, the Board adopted its first resolution denying plaintiff's application. Plaintiff filed a complaint in the Law Division challenging the resolution. On January 11, 2019, because the recording of the Board's hearing contained numerous gaps, the trial court remanded the matter back to the Board for rehearing and dismissed that complaint.

A-1866-20

be appropriate where a property owner constructs a single residence on all or part of two contiguous nonconforming lots that face different streets. See Bridge v. Neptune Twp. Zoning Bd. of Adjustment, 233 N.J. Super. 587, 595 (App. Div. 1989). That situation, the judge observed, is not present here, as the residence is entirely on Lot 6 and the garage is a free-standing structure entirely on Lot 2.

Judge Ford concluded the Board erred when it found the lots were properly merged, given that they have frontage on different streets, are back-to-back, the existing structures are on separate lots, and the long, narrow merged lot is nonconforming because it has less than seventy-five feet of frontage on both streets. In addition, the Judge concluded that under § 32-4.4(b)(1) of the municipal zoning ordinance, the lots are legally protected residential lots, negating application of the merger doctrine.

Judge Ford also vacated the Board's denial of plaintiff's variance requests. The judge found the Board acted on the mistaken assumptions that the lots had properly been merged and were not legally protected residential parcels under the ordinance. The judge found the Board mistakenly believed variances were necessary for Lot 6 when its preexisting nonconformities were protected by the ordinance. The judge concluded that the only variances necessary for plaintiff

A-1866-20

to proceed with his development proposal were those relating to the construction of a residence on Lot 2.

The judge reversed the Board's resolution, remanded the matter, and directed the Board: (1) to reconsider plaintiff's application without considering the two parcels to be merged for zoning purposes; (2) to the extent it is necessary to clarify the status of the parcels, to grant plaintiff's minor subdivision application to restore the status and configuration of the lots to that which existed when merger was applied; (3) to consider Lot 6 as a preexisting nonconforming residential parcel; and (4) to consider plaintiff's variance requests for Lot 2 as a preexisting nonconforming residential parcel independent of Lot 6. A February 9, 2021 judgment memorializes the court's decision.

This appeal follows. The Board argues the trial court erred as a matter of law in its interpretation and application of the merger doctrine.

## II.

"[W]hen reviewing the decision of a trial court that has reviewed municipal action, we are bound by the same standards as was the trial court." Fallone Props., LLC v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004). "Thus, while we will give substantial deference to findings of fact, it is essential that the [municipal body's] actions be grounded in evidence

in the record." Ibid. The trial court's findings of fact after a bench trial will be upheld if supported by competent, relevant, and reasonably credible evidence. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). In addition, although "public bodies . . . must be allowed wide latitude in their delegated discretion," Jock, 184 N.J. at 597, we review questions of law de novo. Dunbar Homes, Inc. v. Zoning Bd. of Adjustment, 233 N.J. 546, 559 (2018).

Having carefully reviewed the Board's arguments in light of the record and applicable legal principles, we affirm the February 9, 2021 judgment for the reasons stated by Judge Ford in her thorough and well-reasoned written opinion. We add the following brief comments.

The propriety of the merger of plaintiff's two parcels for zoning purposes is a legal question. As Judge Ford explained, the purpose of the doctrine is to bring nonconforming lots in common ownership into greater conformance with zoning requirements. We agree with Judge Ford that merger is inapposite here. The two back-to-back parcels face different streets. The existing house is entirely contained on one of the lots. When the zoning ordinance was enacted, the lots did not conform with zoning requirements, but were granted legal protection as residential parcels. When merged, the combined lot does not conform with zoning requirements. Merger, therefore, does not create greater

conformity with zoning, does not resolve issues that may arise when a residence

straddles more than one lot, and does not create a single parcel along one street.

We are not persuaded by the Board's arguments to the contrary.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1866-20